**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 96-4237

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Jesus Garcia-Chavez, also known as | * | Northern District of Iowa. |
| Luis Hernandez-Chavez, also known | * | |
| as Luis Hernandez-Gomez, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: June 3, 1997
Filed: August 18, 1997

_____

Before HANSEN, MORRIS SHEPPARD ARNOLD, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Jesus Garcia-Chavez challenges the sentence imposed by the district court[1] after he pleaded guilty to illegal re-entry of the United States following deportation, in violation of 8 U.S.C. § 1326(a) and (b)(2). We affirm.

The presentence report (PSR) calculated a total offense level of 21, including a sixteen-level enhancement under U.S. Sentencing Guidelines Manual § 2L1.2(b)(2)

_____

[1]The Honorable Donald E. O'Brien, United States District Judge for the Northern District of Iowa.

(1995) (enhancement applies if defendant deported after conviction for "aggravated felony"), because Garcia-Chavez had been deported based on a Nebraska felony conviction for possessing over one pound of marijuana, which the PSR indicated was an aggravated felony.  At sentencing, Garcia-Chavez argued, among other things, that the Nebraska conviction fell outside the "heartland of cases" for which the enhancement was intended, and that the district court therefore had discretion under Koon v. United States, 116 S. Ct. 2035, 2045, 2047 (1996), to depart from the Guidelines.  The district court refused to depart, and sentenced Garcia-Chavez to 46 months imprisonment, to be  followed by two years supervised release unless Garcia is first deported upon completing his 46-month sentence.

On appeal, Garcia-Chavez contends the district court erred by determining it lacked authority to depart downward under Koon.  After carefully reviewing the sentencing transcript, however, we conclude that the court believed it had the authority to depart, but determined departure was not warranted here.  Thus, the district court's departure decision is unreviewable.  See United States v. Field, 110 F.3d 587, 591 (8th Cir. 1997) (appellate court may not review district court's decision not to depart if district court was aware of its departure authority).

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.